**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JIMMY ROBERTS,<br><br>    Plaintiff,<br><br>vs.<br><br>HENRY M. PAULSON, JR., SECRETARY OF THE UNITED STATES TREASURY,<br><br>    Defendant. | Case No. 1:07 cv 173 TC<br><br>**REPORT AND RECOMMENDATION**<br><br>Chief Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

   Pursuant to 28 U.S.C. § 636(b)(1)(B) Chief Judge Tena Campbell referred this case for consideration.  Before the court is Defendant's motion to dismiss.[1]  Defendant argues that pursuant to Rule 12(b)(1) some of Plaintiff's claims should be dismissed for "failure to exhaust his administrative remedies as required under Title VII, 42 U.S.C. § 2000e-16."[2]  After reviewing the parties' arguments, relevant case law and the record before the court, the court recommends Defendant's motion be GRANTED and that Plaintiff's claims of violating the Privacy Act, discrimination based on a disability and retaliation in the form of denying annual leave be DISMISSED.

---

[1] Docket no. 6.
[2] Def.'s mtn. p. 1.

Plaintiff's Complaint centers on allegations of retaliation by the Internal Revenue Service during the course of his employment with the IRS in 2006.  Mr. Roberts alleges that Defendant (1) locked him out of the Agency computer systems;[3] (2) detailed Plaintiff to the Entity Department, which according to Plaintiff was part of a "willful and intentional lie,"[4] and then reassigned him back to the Code and Edit Department;[5] (3) denied Plaintiff overtime work in the Entity Department and then sought to cover-up this denial with a false story;[6] (4) violated the Privacy Act;[7] (5) discriminated against Defendant on the basis of a disability;[8] and (6) retaliated against Plaintiff by denying him annual leave and instead recording Defendant's absence as absent without leave (AWOL).[9]

As outlined by the Tenth Circuit, a Rule 12(b)(1) motion to dismiss-like that raised by Defendant-may take one of two forms.[10]  "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[11] Or, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[12]  Here, Defendant raises the latter form of defense.  Thus, this court "may

---

[3] Complaint ¶¶ 2-4.
[4] *Id.* ¶ 7.
[5] *See id.* ¶¶ 3, 7-8.
[6] *See id.* ¶¶ 5-8.
[7] *See id.* ¶¶ 11-12.
[8] *See id.* ¶¶ 10-12.
[9] *See id.* ¶¶ 13-17.
[10] Fed. R. Civ. P. 12(b)(1).
[11] *Holt v. U.S.*, 16 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).
[12] *Id.* at 1003 (citing to *Ohio Nat'l, 922 F.2d at 325*).

not presume the truthfulness of the complaint's factual allegations,"[13] but it may permit affidavits, other documents and hold a limited evidentiary hearing to resolve disputed facts concerning jurisdiction.  Finally, "[s]ince federal courts are courts of limited jurisdiction, [the court] presume[s] no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction."[14]

Mr. Roberts filed an Equal Employment Opportunity Commission Complaint on April 26, 2006.[15]  The EEOC dismissed part of Plaintiff's Complaint because it involved "matters that were not brought to the attention of an EEO Counselor [and it] allege[d] that a proposal to take a personal action was discriminatory."[16]  In accordance with the EEOC's partial dismissal, Defendant argues that "only the first three of Plaintiff's claims are properly before this court; his remaining claims for: (1) violation of the Privacy Act (Complaint ¶¶ 11-12); (2) disability discrimination (Id. ¶¶ 10-12); and (3) retaliation in the form of denying annual leave and recording time as absent without leave (Id. ¶¶ 16-17) must be dismissed for failure to exhaust administrative remedies."[17]  In opposition, Plaintiff argues his claims are properly before this court because they were brought before the Office of Special Counsel (OSC)[18] and even though his claims were not investigated by an EEO investigator, "when EEO issues of similar subject

---

[13] *Id.*
[14] *U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).
[15] *See* EEO Complaint attached as Exhibit A to Defendant's Mem. in Supp.
[16] Def.'s Mem. in Supp. ex. B.
[17] *Id.* at 3-4.
[18] *See* Reply p. 2-3.

matter are raised . . . the law allows such additional issues to be added to the EEO complaint."[19]
The court is not persuaded by Plaintiff's arguments.

As noted by Defendant, in another case recently brought by Plaintiff, the Tenth Circuit
rejected Plaintiff's argument that the district court has jurisdiction over claims brought before the
OSC.[20]   The Tenth Circuit stated, "Contrary to Mr. Roberts's apparent belief, the fact that the
Office of Special Counsel (OSC) declined to petition the Merit Systems Protection Board
(Board) for consideration of his complaint, does not mean that federal courts then acquired
jurisdiction.  '[A]ll review ended when [the OSC] declined to petition the Board for
consideration of the grievance.'"[21]

Finally, Plaintiff's assertion that his claims were of a similar subject matter and therefore
can be added to the EEO complaint without first obtaining EEO counseling is not supported by
the law.[22]

Accordingly, based on the foregoing, and for those reasons outlined in greater detail in
Defendant's motion to dismiss, the court RECOMMENDS that Defendant's motion be
GRANTED.

Copies of the foregoing report and recommendation are being sent to all parties who are
hereby notified of their right to object.  Parties must file any objection to the Report and

---

[19] *Id.* p. 2.
[20] *See* *Roberts v. Paulson*, 2008 WL 313685 (10th Cir. Feb. 5, 2008).
[21] *Id.* at *1 (quoting *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1574 (11th Cir. 1990) (citations omitted).
[22] *See* *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

Recommendation within ten (10) days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 1st day of April, 2008.

Brooke C. Wells
United States Magistrate Judge