**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JIMMY ROBERTS,<br><br>      Plaintiff,<br><br>vs.<br><br>HENRY M. PAULSON, JR., SECRETARY OF THE UNITED STATES TREASURY,<br><br>      Defendant. | Case No. 1:07 cv 173 TC<br><br>**REPORT AND RECOMMENDATION**<br><br>Chief Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

       Pursuant to 28 U.S.C. § 636(b)(1)(B) Chief Judge Tena Campbell referred this case for consideration. Before the court is Defendant's motion for summary judgment on Plaintiff's claims of retaliation under Title VII.[1] In a prior order dated April 25, 2008, the court dismissed Roberts' "claims of violating the Privacy Act, and discrimination based on a disability and retaliation in the form of denying annual leave."[2]

       Defendant argues that summary judgment is appropriate because "Plaintiff has failed to establish a prima facie case and Defendant had legitimate, nondiscriminatory reasons for taking such action."[3] As outlined below, the undisputed facts in this case demonstrate that Plaintiff has failed to establish a prima facie case. And, even if the court presumes under the most liberal

---

[1] Docket no. 17.
[2] Docket no. 15, order dated April 25, 2008, p. 1.
[3] Mtn. p. 2.

pleading standards that Plaintiff met his burden of establishing a case for retaliation, Plaintiff has still failed to meet the burden of showing that Defendant's offered explanation for the adverse action is pretextual.[4]  Accordingly, Defendant is entitled to judgment as a matter of law, and the court recommends that Defendant's Motion for Summary Judgment be GRANTED.

At the outset the court addresses Roberts' "Objection to Defendant's Reply Memorandum."[5]  Roberts argues Defendant's pleading fails to comply with Federal Rules of Civil Procedure Rule 7 because "A reply to a reply is not allowed."[6]  Roberts objects to Defendant's reply memorandum and asks this court to strike it.  Roberts, however, misunderstands the rules.

Local Rule 56(b) sets forth the timing and limitations when filing a motion for summary judgment.  The rule provides for a memorandum in support of a motion for summary judgment, a memorandum opposing a motion for summary judgment and a reply memorandum to the opposing memorandum.[7]  In the instant matter, Defendant filed a memorandum in support of the motion for summary judgment,[8] Roberts filed an opposition,[9] and Defendant filed a reply.[10]  The court finds Defendant complied with the rules and properly filed a reply memorandum to

---

[4] *See* Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981) (outlining the process whereby a plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant for its actions were a façade and simply a pretext for discrimination).
[5] Docket no. 24.
[6] *Id.* at p. 1.
[7] *See* DUCivR. 56-1(b).
[8] Docket no. 18.
[9] Docket no. 22.
[10] Docket no. 23.

Roberts' opposition memorandum. Therefore, the court declines Plaintiff's invitation to strike Defendant's reply memorandum.

## I. BACKGROUND

The court finds the following facts to be undisputed for purposes of this motion.[11] The Internal Revenue Service (IRS) employed Plaintiff Jimmy Roberts as a Clerk during the course of the events that give rise to the instant complaint. In 2004, prior to the events at issue in this case, Roberts filed an informal and formal Equal Employment Opportunity (EEO) complaint against the IRS. On February 27, 2006, the Office of Personnel Management (OPM) proposed to instruct the IRS to remove Roberts from his position for providing false information on his application for federal employment concerning his involuntary termination from the United States Air Force. Roberts' termination from the Air Force involved multiple incidents of unauthorized use of government equipment.[12]

After confirming their intentions with the OPM, the Labor Relations staff at the IRS disabled Roberts' computer access. On the same day Roberts learned that his access to the computer systems was being disabled Plaintiff's manager informed Roberts that she had arranged to have him detailed to the Entity Department "to avoid embarrassment . . . when other employees learned that his computer access had been disabled."[13]

---

[11] Plaintiff does not contest Defendant's recitation of the facts in his opposition memorandum. Moreover, such facts appear consistent with the record before the court.
[12] *See* mem. in supp. ex. 2.
[13] Mem. in supp. p. 3.

Roberts requested overtime after beginning his new assignment in the Entity Department. Overtime, however, was not available in the Entity Department. Roberts complained about the lack of overtime and following his complaints arrangements were made to allow Roberts to return to the Code and Edit Department to work overtime hours. After returning to the Code and Edit Department in April 2006, Plaintiff filed EEO complaints regarding the actions at issue in this case. On October 15, 2007, an Equal Employment Opportunity Commission administrative law judge issued a decision finding no discrimination or retaliation "because Mr. Roberts failed to raise any issues of material fact regarding the IRS's stated legitimate, nondiscriminatory reasons for the actions taken against him."[14] On December 21, 2007, Plaintiff filed this action in federal court.

## II. ANALYSIS

Previously the court dismissed Plaintiff's claims of violating the Privacy Act, and discrimination based on a disability and retaliation in the form of denying annual leave.[15] As noted above, the issue before the court is whether Defendant is entitled to summary judgment on Plaintiff's claim of retaliation.

Summary judgment pursuant to Rule 56 is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[14] *Id.* at p. 4.
[15] *See* Order Adopting Report and Recommendation, docket no. 15.

material fact and that the movant is entitled to judgment as a matter of law."[16]  The court examines "the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[17]  The party seeking summary judgment bears the initial burden to demonstrate the absence of a genuine issue of material fact.[18]  But, once the movant meets this burden, the burden then shifts to the nonmovant to make a showing sufficient to establish that there is a genuine issue of material fact.[19]

"A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact."[20]  Rather, a dispute regarding genuine issues of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[21]  Thus, if the court decides Defendant meets the required burden, Roberts must then come forward with evidence that could lead a reasonable jury to find in his favor.

Defendant contends that it is entitled to summary judgment because Plaintiff fails to establish a prima facie case of retaliation for engaging in a protected EEO activity.[22]  In *Piercy v.*

---

[16] Fed. R. Civ. P. 56(c).  The court notes that in 2007 Rule 57 was amended, but the changes made were stylistic not substantive and do not impact the court's analysis.  *See also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Alder v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir 1998).
[17] Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).
[18] *See* Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Alta Health Strategies, Inc. v. Kennedy, 790 F. Supp. 1085, 1089 (D. Utah 1992) ("As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt.").
[19] *See* Celotex, 477 U.S. at 324.
[20] Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999).
[21] Anderson, 477 U.S. at 248.  *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.").
[22] *See* mem. in supp. p. 5.

*Maketa*,[23] the Tenth Circuit set forth the requirements for establishing a prima facie case of retaliation under Title VII.

> To establish a prima facie claim for retaliation, an employee must establish (1) he or she engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[24]

The *Piercy* court then went on to cite "the well-known *McDonnell Douglas* test"[25] that outlines the burdens each party faces in a retaliation action. First, as outlined above, a plaintiff must establish a prima facie case of retaliation. After doing so, an "employer can rebut it by articulating a 'legitimate nondiscriminatory reason' for the adverse action."[26] Finally, "the burden then shifts back to the employee to show that the proffered reason actually is a pretext masking discriminatory animus."[27]

The court first looks to whether Plaintiff has established a prima facie claim for retaliation. In doing so the court construes Roberts' complaint liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers because he is acting *pro se*.[28]

---

[23] 480 F.3d 1192, 1198 (10th Cir. 2007).
[24] *Id.*
[25] *Id.*
[26] *Id.* (quoting *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)).
[27] *Piercy*, 480 F.3d at 1198.
[28] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Plaintiff alleges that the IRS' actions are in "retaliation to Plaintiff's EEO activity and to the grievances that Plaintiff has filed."[29]  According to Plaintiff "[t]he Agency has taken multiple actions against Plaintiff, in retaliation to Plaintiff's protected activity."[30]  In his Complaint, Plaintiff specifically alleges the IRS retaliated against him in violation of Title VII when the IRS (1) locked him out of the Agency computer systems;[31] (2) transferred Plaintiff temporarily to the Entity Department, which according to Plaintiff was part of a "willful and intentional lie,"[32] and then reassigned him back to the Code and Edit Department;[33] and (3) denied Plaintiff overtime work in the Entity Department and then sought to cover-up this denial with a false story.[34]

### A.   Participation in Protected Opposition to Discrimination

Defendant argues Roberts "failed to make any allegations in his Complaint that satisfy the first element of a prima facie case."[35]  The court agrees.  Roberts does not specifically allege or cite to prior participation in protected opposition to discrimination.  Instead, Plaintiff alludes to his prior EEO activity and previously filed "grievances."[36]  For example, attached to Plaintiff's Complaint is a decision from a grievance filed prior to the alleged misconduct in this case.  Given the fact that Plaintiff is acting *pro se*, however, the court will presume for purposes of this motion that the first element is met.

---

[29] Compl. p. 6.
[30] *Id.*
[31] Complaint ¶¶ 2-4.
[32] *Id.* ¶ 7.
[33] *See id.* ¶¶ 3, 7-8.
[34] *See id.* ¶¶ 5-8.
[35] Mtn. p. 6.
[36] *See e.g.,* Compl. p. 6.

**B.     Being Subjected to a Materially Adverse Action**

Plaintiff must allege the actions taken by the IRS were materially adverse. As noted by Defendant, "not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."[37] Importantly, Title VII does not "set forth 'a general civility code for the American workplace.'"[38] And, the anti-retaliation provisions design is not to protect an individual from all retaliation but form "retaliation that produces an injury or harm."[39] To help screen out complaints arising from petty slights, minor annoyances, and trivial conduct, a court is to focus on the "materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position."[40]

As noted earlier, Roberts' complaints center on the IRS denying him computer access, reassigning him to a different location, and denying him overtime work. Courts have held that such actions by employers, however, do not rise to the level of materially adverse actions.[41] The Court in *Burlington* made it clear that to establish an actionable adverse action in claims of retaliation under Title VII "a plaintiff must show that a reasonable employee would have found

---

[37] *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996); *see also Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).
[38] *Burlington*, 548 U.S. at 68 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)).
[39] *Id.* at 67.
[40] *Id.* at 68.
[41] *See Michael v. Caterpillar Financial Serv's Corp*. 496 F.3d 584, 594 (6th Cir. 2007) (concluding the requirement that an employee turn in a laptop computer is not materially adverse); *McGowan V. City of Eufala*, 472 F.3d 736, 742-43 (10th Cir. 2006) (concluding the failure to reassign the plaintiff from the night shift to the day shift was not a materially adverse action); *Jordan v. Chertoff*, 224 Fed.Appx. 499, 502 (7th Cir. 2006) (concluding a denial in overtime pay was not materially adverse).

the challenged action materially adverse, which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"[42]

Here, the court finds no reasonable employee would have found the actions of which Roberts complains materially adverse. Further, a reasonable employee would not have been dissuaded from making a charge of discrimination. And indeed, Roberts was not dissuaded from making a charge of discrimination. Therefore, the court concludes Roberts does not meet the second prong for establishing a prima facie case under *Piercy*.[43]

## **C.** **Causal Connection Between the Protected Activity and Materially Adverse Action**

There are no allegations set forth by Roberts that establishes a causal connection between the prior EEO activity and the IRS' alleged misappropriate actions. The only plausible connection the court can conceive of is also suggested by Defendant-closeness in time. But, in this case the EEO activity occurred approximately two years before any alleged acts of retaliation. Such a distance of time between the events fails to demonstrate a causal connection.[44] The court concludes, therefore, that Roberts fails to meet the third prong for establishing a prima facie case.

## **D.** **The *McDonnell Douglas* Test**

Finally, even if the court construed Plaintiff's Complaint in the broadest possible fashion so that a prima facie case was established, the evidence before the court suggests that the IRS

---

[42] *Burlington*, 548 U.S. at 68 (citation omitted).
[43] *See Piercy*, 480 F.3d at 1198.
[44] *See Anderson.*, 181 F.3d at 1179 (citing an example where a three-month period, without more, is insufficient to establish causation).

acted for legitimate nondiscriminatory reasons.[45]  Thus, under *McDonnell Douglas* the burden would shift to Roberts to show that the IRS' reasons for their actions were actually a pretext masking discrimination. [46]  And, based upon the record and pleadings before the court, the evidence Plaintiff offers is chiefly comprised of his own beliefs and assumptions which is insufficient to meet this burden.  Thus, in the alternative, summary judgment in favor of Defendant would be appropriate even if Roberts' Complaint set forth a prima facie case of retaliation.

### III. RECOMMENDATION

Based on the foregoing the court RECOMMENDS that Defendant's motion for summary judgment be GRANTED.

Copies of the foregoing report and recommendation are being sent to all parties who are hereby notified of their right to object.  Parties must file any objection to the Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6th day of October, 2008.

*[signature: Brooke C. Wells]*
Brooke C. Wells
United States Magistrate Judge

---

[45] *See* *McDonnell Douglas*, 411 U.S. at 802-04.
[46] *See* *Piercy*, 480 F.3d at 1198.